# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**GCA SERVICES GROUP, INC.**

    **Plaintiff,**

v.                                                      **No. 2:16-cv-02251-STA-cgc**

**PARCOU, LLC; SOUTHERN
MAINTENANCE SYSTEMS, LLC;
JERRY PARKER; DAVID COULTER;
MARK COULTER; ENZO DICKENS;
JONATHAN LEWIS; LAKENDRELL
PARKER; COLLINS ONYANDO;
CHRISTOPHER PEARSALL; and
JERRY TIGNER, SR.,**

    **Defendants.**

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER

Before the Court are Objections to the Magistrate Judge's Order (ECF No. 100) filed by Defendant ParCou, LLC ("ParCou") on November 14, 2016. Plaintiff GCA Services Group, Inc. ("GCA") has filed a response in opposition to the objections. For the reasons set forth below, Defendant's objections are overruled, and the Magistrate Judge's order is **AFFIRMED**.

## BACKGROUND

GCA filed a Complaint (ECF No. 1) on April 15, 2016, alleging claims for breach of contract, misappropriation of confidential and proprietary information, violation of the Tennessee Uniform Trade Secrets Act, intentional interference with business relationships, intentional inducement of breach of contract (both statutory and common law), defamation, fraud, and breach of fiduciary duty/loyalty. According to the Complaint, GCA provides, among

1

other things, janitorial and custodial services in schools. Each individual Defendant is a former employee of GCA who allegedly stole confidential and proprietary information from GCA and then used the information to compete against GCA. GCA further alleges that the corporate Defendants hired the individual Defendants with the knowledge of their previous employment with GCA and induced the individual Defendants to reveal confidential and proprietary business information. Once each of the parties was properly brought before the Court, the Court entered a Scheduling Order (ECF No. 66) on June 28, 2016, and established March 14, 2017, as the deadline for completing all discovery. A trial is currently set for August 21, 2017.

On September 13, 2016, ParCou filed a motion to compel (ECF No. 84) GCA to provide responses to ParCou's Interrogatory No. 13 and Request for Documents Nos. 11 and 12. Interrogatory No. 13 sought information about "any lawsuit that Plaintiff has filed since 2007 to enforce a non-compete agreement, a non-disclosure agreement, and/or a confidentiality agreement." GCA objected to the interrogatory on the grounds that it sought irrelevant information. Request for Documents No. 11 sought the production of "any and all documents, including demand and cease and desist letters, and lawsuit complaints, concerning Plaintiff's contention that any Plaintiff employee or former employee violated a non-compete, non-disclosure or confidentiality agreement with Plaintiff." Request for Documents No. 12 sought production of "any and all documents, including meeting notes and Board of Directors' meeting minutes, evidencing communication by, between or among Plaintiff's directors or employees concerning the use, enforceability, or enforcement of noncompete or confidentiality agreements. GCA objected to the requests on the grounds that each was vague, overbroad, and unduly

burdensome" and with respect to Request No. 12 that the request sought privileged information.[1]

ParCou argued in its motion to compel that this discovery was relevant to its affirmative defense that GCA had selectively enforced its non-compete agreements with its employees. (*See* ParCou's Second Amended Answer, 19th Aff. Def., ECF No. 83.) The Court notes that ParCou filed its Second Amended Answer to add the selective enforcement affirmative defense on September 9, 2016, almost one month after GCA had served its responses to Interrogatory No. 13 and Request for Documents Nos. 11 and 12. In its response in opposition to ParCou's motion to compel, GCA argued that the discovery was not relevant. Specifically, GCA asserted that "[t]o the extent ParCou intends to advance a selective-enforcement theory at trial, that theory has no application in the context of non-competition agreements and accordingly cannot serve as a legitimate basis for Interrogatory No. 13 or Request No. 11." GCA went on to call into doubt the single case cited by ParCou in support of its request and to claim that any further production of documents would be irrelevant and otherwise publicly available.

The Court referred ParCou's motion to compel to the United States Magistrate Judge for determination, and the Magistrate Judge granted in part and denied in part the motion by written order (ECF No. 99) dated October 31, 2016. In her order, the Magistrate Judge concluded that ParCou was not entitled to discovery about GCA's alleged selective enforcement of its non-competition agreements. The Magistrate Judge explained that her review of Ohio case law found that selective enforcement was a viable defense only in criminal cases and in actions for civil regulatory enforcement.[2] The Magistrate Judge reasoned that ParCou's request was not

---

[1] ParCou has not shown whether GCA produced a privilege log or took any other steps to identify which documents it was withholding on the basis of the asserted privilege. *See* Fed. R. Civ. P. 26(b)(5).

supported by relevant law and therefore denied the motion to compel as to Interrogatory No. 13 and Request Nos. 11 and 12.

ParCou has filed timely objections to the Magistrate Judge's order. In its objections, ParCou argues that the Magistrate Judge's conclusion about the viability of its selective enforcement defense was contrary to law. ParCou claims that GCA has never argued that the selective enforcement defense was not good at law, for example by filing a motion to strike the affirmative defense from ParCou's Second Amended Answer. ParCou also argues that the Magistrate Judge's order overlooks a decision by the United States District Court for the Southern District of Ohio in *Petland, Inc. v. Hendrix*, where the federal court recognized a selective enforcement defense in the context of non-competition agreements. The *Petland* court held that any evidence of selective enforcement in that case had business justifications and therefore did not affect the enforceability of the non-competition clause. With respect to Request for Documents Nos. 11 and 12, ParCou argues that GCA waived any relevance objection to the requests by failing to raise such an objection in its written discovery responses. Therefore, ParCou asks the Court to set aside the Magistrate Judge's order and grant the motion to compel as to Interrogatory No. 13 and Requests Nos. 11 and 12.

GCA has filed a brief in opposition to ParCou's objections. GCA points out that it did contest ParCou's selective enforcement defense in its response to the motion to compel (ECF No. 92) as well as during the motion hearing before the Magistrate Judge. GCA argues that the

---

[2] Both parties have cited cases from courts sitting in the state of Ohio. But as the moving party, ParCou has not provided a choice of law analysis to show why Ohio law governs the parties' contractual dispute. Even so, according to the Complaint, GCA is a Delaware corporation with its principal place of business in Ohio. And the Magistrate Judge reached her decision on the basis of Ohio law. Therefore, the Court will assume without deciding that Ohio law provides the law of decision for the question presented in ParCou's motion to compel.

*Petland* decision cited by ParCou for support of its selective enforcement defense did not recognize such a defense but only concluded that the defense was not available under the facts of the case. The only case cited in *Petland* involved the law of Massachusetts, and not Ohio. ParCou has failed then to show that the Magistrate Judge's order was contrary to law. GCA also argues that it raised a timely objection to the relevance of Request Nos. 11 and 12. ParCou served its discovery requests on July 1, 2016, and GCA responded on August 12, 2016. However, ParCou did not raise its selective enforcement defense until it filed its Second Amended Answer on September 9, 2016. ParCou then filed its motion to compel four days later. GCA asserted in its response in opposition to the motion to compel that the documents described in Request Nos. 11 and 12 were not relevant. ParCou has not shown that GCA waived its relevance objection to the requests. GCA contends then that the Court should affirm the Magistrate Judge's order.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), a district court shall apply a "clearly erroneous or contrary to law" standard of review to orders on "nondispositive" preliminary matters and de novo review to reports and recommendations on dispositive matters.[3] Plaintiff's motion to modify the Rule 16(b) scheduling order is a non-dispositive matter subject to review under the clearly erroneous or contrary to law standard. Federal Rule Civil Procedure 72(a) states that a district judge "shall consider" objections to a magistrate judge's order on a non-dispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be

---

[3] *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). *See also* 28 U.S.C. § 636(b)(1).

clearly erroneous or contrary to law."[4]  "The clearly erroneous standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient contrary to law standard."[5]  "When examining legal conclusions under the contrary to law standard, the Court may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent."[6]

## ANALYSIS

The Court finds no error in the Magistrate Judge's order denying ParCou's motion to compel.  As a threshold matter, ParCou amended its responsive pleadings to add the selective enforcement defense after GCA had already responded to ParCou's discovery requests concerning selective enforcement.  Strictly speaking, information about GCA's other attempts to enforce non-compete agreements was not relevant to the suit until ParCou raised the affirmative defense in its Second Amended Answer more than two months after it served GCA with the discovery requests.  It cannot be said then that GCA's decision not to file a motion to strike the defense somehow constitutes a waiver of any objection it might have to the relevance of the selective enforcement defense.  GCA has also shown that it raised its challenge to the selective enforcement defense in both its written opposition to the motion to compel and in the hearing

---

[4] Fed. R. Civ. P. 72(a); *Bell v. Int'l Broth. of Teamsters*, No. 96-3219, 1997 WL 103320, at *4 (6th Cir. Mar. 6, 1997).

[5] *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (quotation omitted).

[6] *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994) (internal quotation marks omitted)).  *See also* 32 Am. Jur. 2d *Federal Courts* 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure").

before the Magistrate Judge, ParCou's claims to the contrary notwithstanding. The Court finds that GCA has preserved its relevance objection.

Putting aside the issue of when ParCou raised the selective enforcement defense, ParCou has not shown that the Magistrate Judge's ruling was contrary to Ohio law. Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."[7] Once a party raises an objection to discovery based on relevance, "the burden shifts to the party seeking the information to demonstrate that the requests are relevant to the subject matter involved in the pending action."[8] "A district court does not abuse its discretion in denying discovery when the discovery requested would be irrelevant to the underlying issue to be decided."[9] In this case, ParCou as the party seeking the production has the burden to show that the information it requested is relevant. ParCou has not shown, however, that the Magistrate Judge's conclusion about the viability of the selective enforcement defense contradicted or ignored applicable law. None of the cases cited in ParCou's motion to compel or the objections to the Magistrate Judge's orders actually answers the question presented, namely, whether a party sued for breach of a non-compete agreement may raise selective enforcement as an affirmative defense to the breach of contract claim under Ohio law. The *Petland* case cited in ParCou's objections merely held that selective enforcement was not a valid defense under the

---

[7] Fed. R. Civ. P. 26(b)(1).

[8] *Allen v. Howmedica Leibinger.* 190 F.R.D. 518, 522 (W.D. Tenn. 1999).

[9] *Bd. of Educ. of Shelby Cnty., Tenn. v. Memphis City Bd. of Educ.*, no. 11-2101, 2012 WL 5817945 (W.D. Tenn. Nov. 15, 2012) (quoting *Sigmon v. Appalachian Coal Props.,* 400 F. App'x 43, 50 (6th Cir. 2010) (other citation omitted).

facts of that case.  The Southern District of Ohio never reached the issue of whether the defense was even available under Ohio law, and nothing in the opinion shows that the parties to *Petland* actually raised the question.  Additionally, ParCou has not shown that it cited the *Petland* case to the Magistrate Judge or argued its applicability to support of its motion to compel.  Generally, a party's failure to present an argument before the Magistrate Judge constitutes a waiver of the argument.[10]  Without more, ParCou has failed to show that the Magistrate Judge's order was contrary to law.  Therefore, the Magistrate Judge's order is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ **S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  December 12, 2016.

---

[10] *The Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n.2 (6th Cir. 2010) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).